IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

CATHERINE ROBERTS, )
 )
    Plaintiff, )
 )
v. ) No: _____
 ) JURY DEMANDED
 )
CENTRAL PARKING SYSTEM )
OF TENNESSEE, LLC )
 )
    Defendant. )

## COMPLAINT

Plaintiff, CATHERINE ROBERTS, by and through her attorneys, alleges for her Complaint as follows:

### I. INTRODUCTION

1. Plaintiff, CATHERINE ROBERTS, brings this action against CENTRAL PARKING SYSTEM OF TENNESSEE, LLC for legal relief to redress unlawful violations of Plaintiff's rights under the Americans with Disabilities Act with Amendments (ADAAA), 42 U.S.C. § 12101 et seq.

### II. THE PARTIES

**A. THE PLAINTIFF**

2. Plaintiff, CATHERINE ROBERTS, currently resides in Kentucky and is a citizen of the United States.

1

**B. THE DEFENDANT**

3.  Defendant, CENTRAL PARKING SYSTEM OF TENNESSEE, LLC, is an employer of more than eight (8) persons who, at times relevant hereto, employed Plaintiff within the Middle District of Tennessee.

4.  The Defendant is bound by the law and regulations concerning the Tennessee Disability Act (TDA). Tenn. Code Ann. 4-21-102.

### III. JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, diversity of citizenship, because the parties are "citizens" of different states and the amount in controversy exceeds $75,000.

6.  Venue is proper in the Middle District of Tennessee under 28 U.S.C. §1391(b)-(c). Defendant conducts business within the Court's jurisdictional limits, and the claims at issue arose within the Court's jurisdictional limits.

### IV. FACTS

7.  Plaintiff has a mental "disability" as that term is defined by the TDA. Plaintiff's medical impairment is bipolar disorder and, in comparison to the average person, she is substantially limited in mental processes of learning, thinking, concentrating, perceiving, and interacting with others.

8.  Defendant employed Plaintiff as a Treasury Analyst, a position in which she earned a salary of $50,000 annually.

9.  Plaintiff made known her disability to her superiors. In fact, she requested flexible scheduling and breaks and more time off.

10. Consistently, the Job Accommodation Network suggests the following Accommodations[1]

for Bipolar Disorder:

**Maintaining Stamina During the Workday:**

    Allow flexible scheduling
    Allow longer or more frequent breaks
    Provide additional time to learn new responsibilities
    Provide self-paced work load
    Provide backup coverage for when the employee needs to take breaks
    Allow for time off for counseling
    Allow work from home during part of the day or week
    Allow part-time work schedules

**Maintaining Concentration:**

    Reduce distractions in the work area
    Provide space enclosures or private office
    Allow for use of white noise or environmental sound machines
    Increase natural lighting or provide full spectrum lighting
    Allow work from home and provide necessary equipment
    Plan for uninterrupted work time
    Allow for frequent breaks
    Divide large assignments into smaller tasks and goals
    Restructure job to include only essential functions

**Difficulty Staying Organized and Meeting Deadlines:**

    Make daily TO-DO lists and check items off as they are completed
    Use several calendars to mark meetings and deadlines
    Remind employee of important deadlines
    Use electronic organizers
    Divide large assignments into smaller tasks and goals

**Working Effectively with Supervisors:**

    Provide positive praise and reinforcement
    Provide written job instructions

---

[1] Plaintiff has simultaneously filed a Charge of Discrimination with the EEOC under the ADAAA, 42 U.S.C. §12011, et. seq., and is currently awaiting exhaustion of that administrative process.

       Develop written work agreements including the agreed upon accommodations, clear expectations of responsibilities, and the consequences of not meeting performance standards
       Allow for open communication with managers and supervisors
       Establish written, long-term and short-term goals
       Develop strategies to deal with problems as they arise
       Develop a procedure to evaluate the effectiveness of the accommodation

**Difficulty Handling Stress and Emotions:**

       Provide praise and positive reinforcement
       Refer to counseling and employee assistance programs
       Allow telephone calls during work hours to doctors and others for needed support
       Provide sensitivity training to coworkers and supervisors
       Allow the presence of a support animal
       Reinforce peer supports

**Attendance Issues:**

       Provide flexible leave for health problems
       Provide a self-paced work load and flexible hours
       Allow work from home
       Provide part-time work schedule
       Allow the employee to make up time missed

**Issues of Change:**

       Recognize that a change in the office environment or of supervisors may be difficult for a person with bipolar disorder
       Maintain open channels of communications between the employee and the new and old supervisor in order to ensure an effective transition
       Provide weekly or monthly meetings with the employee to discuss workplace issues and production level.

11. Defendant did not assist Plaintiff with an accommodation, working her well over 50 hours without appropriate breaks.

12. In September of 2011, Plaintiff had a severe episode wherein she had to leave the office and obtain medical treatment. Plaintiff's husband informed Defendant of the severity of her condition which, for a time, was thought to be life threatening.

4

13. Plaintiff spent several days in the hospital.

14. Plaintiff returned to work on or about October 5, 2011. She worked the entire day and felt considerable better, particularly with her medication better managed.

15. At the end of the day on October 5, 2011, Defendant terminated Plaintiff's employment. Although Defendant cited various write-ups from before her hospitalization, it was clear the precipitating event (the true, substantial motivating factor) was Plaintiff's disability and Defendant's fearful reaction to it.

16. Accordingly, Defendant's actions, above, have denied Plaintiff substantial income (back pay and front pay), benefits, and have caused her worry, anxiety, financial distress, humiliation, and embarrassment. Accordingly, Plaintiff seeks wage loss, benefits loss, reinstatement, compensatory damages, and attorneys fees and costs.

## V. CAUSE OF ACTION UNDER THE ADAAA

17. Plaintiff respectfully asserts the following causes of action under the TDA:

   A. Termination of Employment Due to Disability (Actual, Record, or Perceived)

## VI. PRAYER FOR RELIEF

18. WHEREFORE, the Plaintiff prays for the following relief:

   A. That proper process issue along with a copy of this complaint requiring the Defendant to appear and answer;

   B. That Plaintiff be awarded damages in the amount of any wages, salary, employment benefits or other compensation, including, but not limited to back pay and front pay, plus prejudgment interest;

   C. Any actual monetary loss sustained by the Plaintiff;

D. Compensatory damages for emotional harm, suffering, humiliation, and embarrassment;

E. Reasonable attorneys' fees;

F. The costs and expenses of this action;

G. Such other legal and equitable relief to which Plaintiff may be entitled; and

H. Plaintiff further demands a Jury to try this cause.

Respectfully submitted,

GILBERT RUSSELL McWHERTER, PLC

s/Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
Jonathan L. Bobbitt (TN Bar No. 23515)
101 North Highland Ave
Jackson, TN 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com
jbobbitt@gilbertfirm.com

**ATTORNEYS FOR PLAINTIFF**